Daniel R. Ortega, Jr., SBN: 005015
**ORTEGA LAW FIRM, P.C.**
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480
danny@ortegalaw.com

*Attorney for Plaintiff*

**ORTEGA LAW FIRM, P.C.**
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Javier Lorenzano-Nunez,<br><br>Plaintiff,<br><br>v.<br><br>Detective Dominick Roestenberg (Badge No. 6773) individually and in his official capacity as an officer with the Phoenix Police Department; City of Phoenix, a government entity; Michael Baker, individually and in his official capacity as Deputy Maricopa County Attorney; Elizabeth Reamer, individually and in her official capacity as Deputy Maricopa County Attorney,<br><br>Defendants. | No.:<br><br>**COMPLAINT**<br><br>(Civil Rights/Tort-Personal Injury)<br><br>(Demand for Jury Trial) |

Plaintiff, for his complaint against Defendants, alleges as follows:

INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteen Amendments to the United States Constitution; Article 2, §§ 4, 8 and 13 to the Arizona Constitution; and under the law of the State of Arizona, against defendants Detective Dominick Roestenberg (Badge No. 6773) officer with the Phoenix Police Department, City of Phoenix, Michael Baker, Deputy County

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

Attorney with the Maricopa County Attorney's Office; and Elizabeth Reamer, Deputy County Attorney with the Maricopa County Attorney's Office;

2. It is alleged that the Defendants caused Plaintiff to be arrested without probable cause, violating his rights under the Fourth and Fourteen Amendments to the United States Constitution, in that these defendants committed gross negligence, false arrest, false imprisonment, negligent infliction of emotional distress, and defamation.

JURISDICTION AND VENUE

3. This action arises under the Constitution of the United States, particularly the Fourth and Fourteen Amendments, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983 and 1988, and under Arizona state law.

4. This court has jurisdiction over plaintiff's federal civil rights claim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 144.

5. This court has supplemental jurisdiction of plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(c).

6. The acts complained of occurred within Maricopa County, State of Arizona. All defendants reside in Arizona. Thus, venue is proper in the District Court of Arizona pursuant to 28 U.S.C. § 1391(b).

7. As to plaintiff's claim under state law, plaintiff served defendants with a Notice of Claim pursuant to A.R.S. § 12-821.01 which complied in all ways with the statute, which was timely served on January 29, 2026, and which is deemed denied by operation of statute.

PARTIES

8. Plaintiff Javier Lorenzano-Nunez is and was at all times relevant herein a citizen and a resident of Mexico.

9. Defendant City of Phoenix is a political subdivision of the State of Arizona. Phoenix Police Department ("PPD") is a law enforcement agency in Maricopa

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

County. Defendant City of Phoenix is responsible for the actions of officers, including, but not limited to, defendant Roestenberg.

10. Defendant Detective Dominick Roestenberg ("Roestenberg") was at all times relevant to this complaint acting as an employee of the Phoenix Police Department. He is a state actor as the term is used in the jurisprudence of 42 U.S.C. § 1983.

11. Defendants Baker and Reamer were at all times relevant to this complaint acting as employees of the Maricopa County Attorney's Office ("MCAO"). They are state actors as the term is used in the jurisprudence of 42 U.S.C. § 1983.

12. The actions of Defendants herein alleged were committed under color of State law, to-wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of Arizona, County of Maricopa.

13. Defendants Roestenberg, Baker, and Reamer are being sued in both their individual and official capacities. Defendants Roestenberg, Baker, and Reamer's actions at all times herein mentioned were done within the course and scope of their agency and employment with MCAO, and the City of Phoenix.

14. Defendant City of Phoenix is responsible for the actions of their individual deputies and employees under the doctrine of respondeat superior for the state law claim.

<u>FACTS COMMON TO ALL COUNTS</u>

**A. Phoenix Police Department.**

15. Plaintiff is a Mexican national residing in Mexico. He was accused of the murder of Sarah Carr in Phoenix, Arizona ("Victim") in July 1998.

16. Shannon Fisher, an eyewitness, was presented a photographic line-up by Phoenix Police Department ("PPD"), identified a MVD photograph of Gilbert Noel Sanchez Rosado as the person ("Suspect") who shot and killed the Victim, known to the eyewitness as "G."

17. PPD also spoke with Bernard Gard, the owner of the Phoenix home where the murder took place, who rented to the Suspect, and identified the Suspect from the

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

MVD photo. Notably, Mr. Gard stated that the Suspect was a current tenant and had rented other properties from him in the past. PPD issued an arrest warrant with the date of birth and social security number for Mr. Sanchez Rosado, but they were unable to locate him, however the investigation continued.

18. On April 27, 1999, PPD Officer Ira Williams (#2678) authored a report that detailed the results of a subpoena for the employment records of the Suspect. The report confirmed the date of birth and social security number for the Suspect, as well as confirming the known employer, Samuel Lawrence Furniture, aka Wood Stuff Manufacturing, for the second quarter of 1998. The employer was located in Phoenix.

19. On September 7, 2007, Officer John Cleary of PPD authored a departmental report noting that PPD had been contacted by the Puerto Rico Police Department informing them that they had a person named Gilbert Noel Sanchez Rosado in custody, with the same date of birth and social security number as listed in the PPD warrant (the "Puerto Rico Suspect").

20. Officer Cleary sent a photograph of the Suspect to the Puerto Rico police and received a set of fingerprints for the Puerto Rico Suspect. While it has not been established whether the identity of the Suspect and the Puerto Rico Suspect were confirmed, there has never been any indication of any connection between the Suspect and Plaintiff, nor a connection between the Puerto Rico Suspect and Plaintiff.

21. On November 2, 2007, PPD Officer Ira Williams (#2768) authored a departmental report indicating that he had submitted the Suspect's photograph to the MCSO Arizona Counter Terrorism Information Center's ("ACTIC") facial recognition unit to compare with the millions of images in their system.

22. He recounted that ACTIC was not able to find any matches in the millions of images in their system but were attempting to locate and identify the suspect in Mexico, and that the investigation was continuing. As there were no follow-up reports

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

regarding a search in Mexico until Defendant Roestenberg's report in 2016, it is presumable that no match was ever made.

**Detective Roestenberg Targets Plaintiff Without Any Evidence**

23. In November 2016, PPD Detective Roestenberg, requested the Arizona Department of Public Safety ("DPS") to run the MVD photograph of Gilbert Noel Sanchez Rosado through their Facial Recognition Software and to compare the image with known subjects in the DPS and FBI Next Generation Identification ("NGI") databases. The facial recognition software returned with 200 possible matches from the DPS database and 50 possible matches from the NGI database. Sergeant Heltemes from DPS narrowed Plaintiff as a possible lead and noted 7 similarities between the images.

24. Despite Sergeant Heltemes' comparison of the similarities in their appearance, the DPS Report ignores several issues that cast doubt on any connection between the Suspect and Plaintiff. First, the report acknowledges that DPS Specialist Steffani Skelton conducted follow-up research on Plaintiff but found no known ties to Arizona. There is also a difference between the date of birth between the men, 3/17/1969 for Suspect vs. 3/18/1965 for Plaintiff.

25. Initially following the shooting of the Victim, Oscar Ortiz, the Suspect's roommate provided personal details about his origin. Mr. Ortiz explained that Suspect was born in Durango, Mexico and grew up with him near Mazatlán, Sinaloa, Mexico since they were both kids. Plaintiff was born in Guerrero, Mexico more than 772 miles away from Durango, Mexico.

26. Plaintiff's lack of any known ties to Arizona and the consistent statements in Mr. Gard's testimony confirming that the Suspect was at the time a tenant and had rented properties in the past should have raised significant doubts. Furthermore, Suspect's roommates had confirmed that the Suspect had lived in Arizona for an extended amount of time.

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

27. To add insult to injury, PPD was already in possession of information regarding the Suspect's employer during the period in question and could have verified whether the Suspect had been at work at time that Plaintiff was living in California with his family. On top of that, PPD had received the fingerprints of the suspect that was in custody in Puerto Rico that matched the name, date of birth, and social security number of Suspect. There is no indication that PPD attempted to match these fingerprints with Plaintiff's.

28. Finally, as previously stated, the DPS report indicates that Plaintiff had been served with a removal order. This should have been a significant concern, as the Puerto Rico Police Department had provided PPD with the Puerto Rico Suspect's fingerprints. Had the Puerto Rico Suspect's fingerprints been a match to Plaintiff's, it seems likely that Plaintiff would have been immediately identified and not removed from the United States. While any one of these issues should have raised concerns and could have easily been resolved, Det. Roestenberg apparently ignored all of them.

29. Rather than investigating the several pieces of evidence controverting any connection between the two, PPD instead requested a search warrant to Google seeking all personal information associated with an email address that belonged to Plaintiff. PPD deliberately listed the name of Gilbert Noel Sanchez Rosado as an alias for Plaintiff.

30. Furthermore, on December 20, 2020, Det. Roestenberg submitted Plaintiff's fingerprints received from San Diego Sheriff's Department from a 2011 arrest.

31. Later, at the grand jury presentation, a grand juror asked about DNA evidence. Despite having Plaintiff's fingerprints, Det. Roestenberg responded, "So the scene was processed for evidence, which included DNA evidence and fingerprint evidence. Due to the fact that Javier lived in the home, we haven't done direct comparisons yet."

32. While the trial court did not cite this discrepancy, Det. Roestenberg's testimony was deliberately misleading, as he had personally submitted Claimant's

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

fingerprints for testing nearly four years earlier. In fact, those results came back without any identification, were excluded from two latent prints and inconclusive on two prints. This is evidence of intentional conduct.

**B. Maricopa County Attorney's Office.**

33. In late December 2020, Det. Roestenberg, and Deputy Maricopa County Attorneys ("DCAs") Michael Baker and Elizabeth Reamer secured an indictment from grand jury by misrepresenting that the Suspect and Plaintiff were the same person, in violation of Plaintiff's due process rights.

34. MCAO originally recognized the discrepancy between the name of the Suspect on the criminal complaint, which was Gilbert Noel Sanchez Rosado, and Plaintiff's, Javier Lorenzano-Nunez.

35. On September 24, 2020, months prior to the grand jury presentation, Janelle De Lano of MCAO, acknowledged in an email to Adena Astrowsky and Amanda Parker, that, "Actually, Javier is an alias in Karpel. His name in Karpel is Gilbert Rosado."

36. Upon information and belief, the September 24, 2020 email between Ms. De Lano, Ms. Astrowsky, and Ms. Parker, was included in the investigative file.

37. DCAs Baker and Reamer either were aware of the identification issues, or should have been, as it would have been apparent upon a basic review of Plaintiff's investigative file, given Ms. De Lano's comments. That indictment was invalidated by the trial court on February 26, 2025.

**C. Arrest and Court.**

38. Plaintiff was arrested in Tijuana, Mexico, by the U.S Marshalls and extradited to the United States for 1st Degree Murder. On October 24, 2024, the Phoenix Police Department, on behalf of the City of Phoenix, posted a video to YouTube trumpeting the arrest of Plaintiff and accusing him of the murder of the Victim. (https://www.youtube.com/watch?v=6jduy3iPvA0).

**ORTEGA LAW FIRM, P.C.**
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

39. Plaintiff made his initial appearance later that day, after having been in custody in Mexico for approximately 90 days. He was in custody of Maricopa County in the 4th Avenue Jail for 286 days. His case was *State v. Javier Lorenzano-Nunez*, Case number CR2020-002309-001 DT, in Superior Court of Arizona, in Maricopa County.

40. In a February 26, 2025 Minute Entry ("the February 2025 Minute Entry"), the Honorable Aryeh D. Schwartz, granted a defense Motion to Remand the case to the grand jury, finding that the defense had "sufficiently demonstrated a due process violation that was material to the indictment. The presentation was not fair and impartial."

41. In it, Judge Schwartz explained how Defendant Det. Roestenberg misled the grand jury:

> "When Detective Roestenberg presented his testimony to the grand jury and discussed the identifications involving Gilbert, he essentially substituted Defendant's name or identity for Gilbert's, without addressing that Defendant and Gilbert are believed to be the same person. For example, without limitation, when asked whom Ms. Fisher recognized in the photo lineup, the detective testified, 'She selected Javier Lorenzano-Nunez.' But that was a misstatement, misleading, inaccurate, or otherwise not fair because she identified Gilbert, who may or may not be Defendant. **The issue of whether Defendant is Gilbert was not addressed, yet the detective presented his testimony to the grand jury as if it were an objectively established fact.**"

(emphasis added)

42. Judge Schwartz held that "[T]he misrepresentation must have been material to the grand jury's indictment, because the grand jury's role, as discussed above, includes determining whether probable cause exists to believe that the person being investigated of a crime is the person who committed it." Judge Schwartz granted the defense motion remanding the case back to the grand jury.

43. The case was eventually resubmitted to the grand jury, a supervening indictment issued, and a Notice of Supervening Indictment recognized by the trial court on March 10, 2025. The defense challenged the Supervening Indictment by Motion on

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

April 30, 2025. While the trial court eventually denied the defense motion on August 1, 2025, the State filed a Motion to Dismiss on August 4, 2025. Judge Schwartz granted the State's Motion to Dismiss on August 5, 2025.

44. Plaintiff was released from custody on August 6, 2025.

45. Plaintiff was held in custody of Maricopa County for 286 days and an additional 90 days in Mexico without a valid warrant for his arrest.

46. During his incarceration in Mexico, Plaintiff was beaten, subject to gang violence, and blackmail.

47. Despite the charges against Plaintiff having been dismissed, the video published by Defendants City of Phoenix and Roestenberg remains available on YouTube as of the date of filing this Complaint.

COUNT ONE

**(Violation of 42 U.S.C. § 1983 and the Deprivation of Rights under the Fourth and Fourteenth Amendments to the United States Constitution against the Defendants)**

**(Defendants Roestenberg, Baker, and Reamer)**

48. Plaintiff hereby incorporates all preceding paragraphs by reference.

49. This count is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

50. The Maricopa County Sheriff's Office was aware of the identification issues in September 2020, months before Defendants Baker and Reamer presented the case to the grand jury.

51. As probable cause had not been established by the grand jury, Defendants Baker and Reamer were not acting as advocates of the State and are not entitled to absolute immunity.

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

52. Defendants Roestenberg, Baker, and Reamer caused Plaintiff's arrest and detention without probable cause, despite knowledge of the identification issues and substantial evidence that Plaintiff was not the Suspect.

53. In his February 25, 2025 Order Granting Motion to Remand, Judge Schwartz held that Plaintiff's due process rights were violated and that the State's presentation was not fair and impartial.

54. The right to be free from arrest and detention without probable cause is a fundamental right under the Fourth and Fourteenth Amendment and established precedent from the United States Supreme Court, including *Gerstein v. Pugh*, 420 U.S. 103, 112 (1975).

55. More specifically, arrest and pretrial detention based upon a judge's order obtained due to police fabrications constitutes a violation of the Fourth Amendment. *Manuel v. City of Joliet*, ___ U.S. ___, 137 S. Ct. 911, 919 (2017).

56. Additionally, police conduct that rises to the level of recklessness "does deprive the victim of liberty withing the meaning of the Fourteenth Amendment. *Davidson v. Cannon*, 474 U.S. 344, 350 (1986). (BRENNAN, J. dissenting.)

57. Plaintiff was arrested in Tijuana, Mexico, by the U.S Marshalls and extradited to the United States for 1st Degree Murder. Plaintiff was held in custody of Maricopa County for 286 days and an additional 90 days in Mexico without a valid warrant for his arrest.

<u>COUNT TWO</u>

**(Defamation Per Se)**

**(Defendants City of Phoenix and Roestenberg)**

58. Plaintiff hereby incorporates all preceding paragraphs by reference.

59. On October 24, 2024, the Phoenix Police Department, on behalf of the City of Phoenix, posted a video to YouTube trumpeting the arrest of Plaintiff and accusing him of the murder of the Victim.

ORTEGA LAW FIRM, P.C.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

60. Defendant Roestenberg was featured in this video and falsely stated that, "We know who did it, we just didn't have the name of the person," despite the Suspect having been identified as Gilbert Noel Sanchez Rosado.

61. As with the misleading presentation to the grand jury on December 20, 2020, the video names the Suspect as Javier Lorenzano-Nunez as an objectively established fact, despite considerable available evidence, including DNA evidence, to the contrary.

62. This statement was published without privilege to a third party.

63. Defendants City of Phoenix and Roestenberg disregarded the falsity of the statement.

64. This constitutes defamation per se.

65. The defamatory video is still available on YouTube as of the filing of this Complaint.

66. Plaintiff became aware that Defendants City of Phoenix and Roestenberg's publication was defamatory on August 5, 2025, when the trial court granted the State's Motion to Dismiss.

67. Plaintiff served via process server a timely notice of claim included the defamation claim. Defendant City of Phoenix was served on January 29, 2026, while Defendant Roestenberg was served on January 30, 2026.

68. As a direct and proximate result of this conduct, defendants caused the damages to the plaintiff as set forth above, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each and every one of them as follows:

1. For an award of special damages to be proven at trial;

**ORTEGA LAW FIRM, P.C.**
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
Phone: (602) 386-4455
Fax: (602) 386-4480

2. For an award of compensatory damages in an amount to be proven at trial for the injury to reputation, pain, suffering and emotional distress sustained by plaintiff;

3. For attorney's fees and costs, as allowed by law, incurred and expended herein; and

4. For such other relief as the court deems just and proper.

JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

**DATED** this 11th day of June, 2026.

**ORTEGA LAW FIRM, P.C.**

By: ***/s/Daniel R. Ortega Jr.***__________
Daniel R. Ortega, Jr.
361 East Coronado Road, Suite 101
Phoenix, Arizona 85004-1525
*Attorney for Plaintiff*